Filed 6/5/13  In re J.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E057928 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ101265) |
| v. | OPINION |
| B.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed with directions.

Karen J. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela J. Walls, County Counsel, and Anna M. Deckert, Deputy County Counsel, for Plaintiff and Respondent.

1

B.B. (father), the father of J.B., appealed from a judgment terminating his parental rights as to J.B. (Welf. & Inst. Code, § 366.26.) Father filed an opening brief contending that the juvenile court failed to adequately comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; Cal. Rules of Court, rule 5.480 et seq.) On May 9, 2013, the parties filed a joint application and stipulation for reversal of judgment and remand. After our own careful review of the entire record, we conclude that the juvenile court did fail to adequately comply with the inquiry and notice requirements of ICWA, and we reverse with the requested directions.

FACTS

At the detention hearing held March 9, 2011, father informed the juvenile court he had Indian ancestry. Father's Parental Notification of Indian Status form indicated he had Blackfeet Indian ancestry. The juvenile court directed the Riverside County Department of Public Social Services (Department) to provide ICWA notice. On March 17, 2011, the Department sent an ICWA notice of child custody proceedings for an Indian child to the Blackfeet Tribe of Montana. The form contained only father's information with no information for any of father's other relatives. On April 4, 2011, a Department social worker interviewed father concerning his Indian ancestry. The Department's jurisdiction/disposition report indicated that his mother was a member of the Blackfeet Tribe. Father provided the names of his mother, father, maternal aunt, uncle and sister. Father also provided the name and telephone number of his sister who lived in Oklahoma. On April 18, 2011, the Department filed a letter received from the Blackfeet Tribe indicating J.B. was not determined to be an Indian child, but which also

2

stated, "If you are able to gather more information on the ancestry of the parents, please contact me again and I will review the tribal rolls." There is no indication on the record that the Department prepared another ICWA notice with the information regarding father's relatives. The Department filed a status report on October 18, 2011, for the six-month review hearing and recommended the court find that ICWA did not apply. The minute order for the six-month review hearing held November 8, 2011, indicated the court found that ICWA did not apply; however, the reporter's transcript for that hearing does not mention ICWA. At the 12-month review hearing held May 14, 2012, the juvenile court stated that ICWA does not apply. The court terminated father's parental rights at the Welfare and Institutions Code section 366.26 hearing held December 10, 2012.

## STIPULATION

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8) is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.) In the stipulation, the parties agree that insufficient notice was provided under the provisions of ICWA and that reversal of the judgment is appropriate with directions to the juvenile court to make a proper ICWA inquiry. Notice under ICWA must contain sufficient information to determine the child's direct ancestors. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 209.) Reversal is therefore appropriate given the Department's and juvenile court's failure to provide adequate ICWA notice. (See e.g., *In re A.B.* (2008) 164 Cal.App.4th 832, 839.)

3

Although only father appealed, the parental rights termination order must be reversed as to both mother and father. (*In re Mary G., supra,* 151 Cal.App.4th at p. 208.)

DISPOSITION

The order terminating parental rights is reversed as to both parents.

The juvenile court is directed to order the Department to provide adequate notice, which contains information concerning father's relatives pursuant to the provisions of ICWA. After proper notice and inquiry, if a tribe determines that J.B. is an Indian child as defined by ICWA, the juvenile court is directed to conduct a new Welfare and Institutions Code section 366.26 hearing in conformity with the provisions of ICWA. If there is no response or the tribes determine that J.B. is not an Indian child, the juvenile court is directed to reinstate all previous findings and terminate parental rights.

Pursuant to the parties' stipulation, the clerk of this court is directed to issue the remittitur immediately. (Cal. Rules of Court, rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
Presiding Justice

We concur:

HOLLENHORST_____
J.

McKINSTER_____
J.